UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ECOQUEST INTERNATIONAL, INC. | ) ) ) | |
| v. | ) ) | NO. 2:05-CV-05 |
| JULIUS TOTH, *ET AL*. | ) ) ) | |

# **O R D E R**

This Lanham Act/tortious interference action is before the Court on the motion to dismiss filed by the defendant, Joseph P. Farrell, Jr. [Doc. 18]. Defendant's motion was filed on May 3, 2005. By order entered on July 6, 2005, the plaintiff was granted an extension until July 15, 2005 within which to respond to the defendant's motion to dismiss. The plaintiff has yet to file a response, despite the requested extension having long since passed. Initially, the Court notes that pursuant to Local Rule 7.2 of the Local Rules for the United States District Court for the Eastern District of Tennessee, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought."

"The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts

showing that the court has jurisdiction." *Id.*

Since the plaintiff has failed to respond, the Court has only the affidavit of the defendant upon which to rely in determining whether personal jurisdiction exists. The only allegations in the complaint dealing with personal jurisdiction over this defendant are the claims that the defendant controlled certain web sites through which business was conducted with residents of Tennessee. The uncontroverted proof before the Court is that this defendant did not operate those web sites or have any involvement in the operating of those web sites. The defendant's affidavit establishes that he does not reside in Tennessee, he has not had contact with the plaintiff, does not have any ownership interest in or control over the web sites to which he is alleged to have been connected in the complaint and that he has not distributed the products alleged in the complaint to anyone in the State of Tennessee for at least the last five years. Accordingly, the plaintiff has failed to carry its burden of proof to establish personal jurisdiction over this defendant, and for this reason, the defendant's motion to dismiss is **GRANTED**. [Doc. 18].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
